| | |
|---|---|
| GARETH PERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. CERVANTES, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00356-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>THIRTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Gareth Perry ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action.

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. Accordingly, the Court will order Plaintiff to file a response within 30 days, explaining why this action should not be dismissed for failure to exhaust administrative remedies. Such dismissal would be without prejudice, so that Plaintiff may refile the case once he has exhausted the available administrative remedies (if it is still possible to do so).

## I.    LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The United States Court of Appeals for the Ninth Circuit has summarized the regulations governing the federal Bureau of Prisons' ("BOP") grievance process:

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15. As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" concerning the dispute to the prison Warden using a BP–9 form. The BP–8 and BP–9 are linked. Both forms involve a complaint arising out of the same incident, and both forms must be submitted within 20 calendar days of the date of that incident. 28 C.F.R. § 542.14(a). An extension of time is available upon a showing of valid reason for delay. Section 542.14(b) provides a non-exhaustive list of reasons that justify an extension of time. Valid reasons "include ... an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal." *Id.*
>
> If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director using a BP–10 form. 28 C.F.R. § 542.15(a). The BP–10 must be submitted to the Regional Director within 20 calendar days of the date of the Warden's decision. *Id.* As with the time period for filing a BP–9, an extension of time is available upon a showing of a valid reason. *Id.* Section 542.15(a) provides that "[v]alid reasons for delay include those situations described in § 542.14(b)." *Id.*
>
> The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the BOP using a BP–11 form. *Id.* The BP–11 must be submitted to the Central Office within 30 calendar days from the date of the Regional Director's decision. *Id.* As with the time period for filing a BP–9 and a BP–10, an extension is available upon the showing of a valid reason as described in § 542.14(b). *Id.*

Nunez v. Duncan, 591 F.3d 1217, 1219–20 (9th Cir. 2010) (alterations in original) (footnote omitted). "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the

2

relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819....
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use....
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.... As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859–60.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal

without prejudice of the portions of the complaint barred by section 1997e(a). <u>Jones</u>, 549 U.S. at 223–24; <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

## II. ANALYSIS

Plaintiff mailed the complaint commencing this action to the Court on February 23, 2020. (ECF No. 1, p. 6). The incident that led to the disciplinary hearing that Plaintiff challenges in his complaint occurred on January 4, 2020. (<u>Id.</u> at 1). The disciplinary hearing, which appears to be central to most (if not all) of Plaintiff's claims, occurred on February 21, 2020. (<u>Id.</u> at 3). As only two days passed from the day of the disciplinary hearing to the day Plaintiff mailed his complaint to the Court, it appears from the face of the complaint that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust available administrative remedies. The Court notes that this dismissal would be without prejudice.

## VII. CONCLUSION AND ORDER TO SHOW CAUSE

It appears, based on the face of the complaint, that Plaintiff failed to exhaust his available administrative remedies prior to filing his complaint. Accordingly, it is HEREBY ORDERED that, within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust available administrative remedies. Again, the dismissal would be without prejudice, so that Plaintiff may refile the case once he has exhausted the available administrative remedies (if it is still possible to do so).

If Plaintiff fails to file a response, the Court will recommend to a district judge that this action be dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **March 11, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4