UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARETH PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>C. CERVANTES, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00356-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 21 DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Gareth Perry ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action.

It appeared from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. Accordingly, the Court ordered Plaintiff to "show cause why this action should not be dismissed, without prejudice, for failure to exhaust available administrative remedies." (ECF No. 6, p. 4). Plaintiff has now responded to the Court's order to show cause. (ECF Nos. 9, 11, & 13).

For the reasons that follow, the Court will recommend that this action be dismissed, without prejudice, because it is clear from the face of the complaint that Plaintiff failed to exhaust his available administrative remedies. Such dismissal would be without prejudice, so

1

that Plaintiff may refile the case once he has exhausted the available administrative remedies (if it is still possible to do so).

## I. LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The United States Court of Appeals for the Ninth Circuit has summarized the regulations governing the federal Bureau of Prisons' ("BOP") grievance process:

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15. As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" concerning the dispute to the prison Warden using a BP–9 form. The BP–8 and BP–9 are linked. Both forms involve a complaint arising out of the same incident, and both forms must be submitted within 20 calendar days of the date of that incident. 28 C.F.R. § 542.14(a). An extension of time is available upon a showing of valid reason for delay. Section 542.14(b) provides a non-exhaustive list of reasons that justify an extension of time. Valid reasons "include ... an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal." *Id.*
>
> If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director using a BP–10 form. 28 C.F.R. § 542.15(a). The BP–10 must be submitted to the Regional Director within 20 calendar days of the date of the Warden's decision. *Id.* As with the time period for filing a BP–9, an extension of time is available upon a showing of a valid reason. *Id.* Section 542.15(a) provides that "[v]alid reasons for delay include those situations described in § 542.14(b)." *Id.*
>
> The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the BOP using a BP–11 form. *Id.* The BP–11 must be submitted to the Central Office within 30 calendar days from the date of the Regional Director's decision. *Id.* As with the time period for filing

a BP–9 and a BP–10, an extension is available upon the showing of a valid reason as described in § 542.14(b). *Id.*

Nunez v. Duncan, 591 F.3d 1217, 1219–20 (9th Cir. 2010) (alterations in original) (footnote omitted). "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819....
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use....

3

> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.... As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859–60.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

## II.    ANALYSIS

The incident that led to the disciplinary hearing that Plaintiff challenges in his complaint occurred on January 4, 2020. (Id. at 1). The disciplinary hearing, which appears to be central to most (if not all) of Plaintiff's claims, occurred on February 21, 2020. (Id. at 3). Plaintiff mailed the complaint commencing this action to the Court on February 23, 2020. (ECF No. 1, p. 6). Thus, only two days passed from the date of the disciplinary hearing to the date Plaintiff mailed his complaint to the Court.

As described above, the BOP has a grievance procedure available, and that procedure cannot be concluded in fewer than two days. Thus, it is clear from the face of the complaint that Plaintiff failed to exhaust his available administrative remedies prior to filing suit.

In response to the order to show cause, Plaintiff makes two arguments as to why this case should be allowed to proceed. First, Plaintiff argues that he is attempting to exhaust his claim based on his trust fund being frozen. (ECF No. 9, p. 1; ECF No 11, p. 4). However, Plaintiff appears to allege that, although he was experiencing some difficulties, as of February 28, 2020, he was still in the process of exhausting this and other claims. (ECF No. 11, p. 4). Thus, Plaintiff clearly did not exhaust these claims prior to filing suit.

Second, Plaintiff alleges that the Warden told him, in response to a BP-9 form that Plaintiff filed, that what happened could not be rectified by the prison because Defendants are independent contractors and not employees of the prison. (ECF No. 9, p. 2; ECF No. 11, p. 3). Thus, Plaintiff argues he should not have to exhaust his claims.

However, Plaintiff appears to misunderstand what the Warden told him. According to the BP-9 form:

> REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER, WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO POLICY. YOU SHOULD FILE A REQUEST OR APPEAL AT THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.
>
> REJECT REASON 2: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE WRONG LEVEL. YOU SHOULD HAVE FILED AT THE REGIONAL OFFICE LEVEL.
>
> REMARKS : DHO RELATED GRIEVANCES GO DIRECTLY TO THE REGIONAL OFFICES. SANCTIONS CAN NOT BE OVERTURNED ON THE LOCAL LEVEL BY THE WARDEN.

(ECF No. 13, p. 1).

Thus, the Warden did not tell Plaintiff that Defendants were independent contractors, or that what happened could not be dealt with through the prison grievance procedure. Instead, the Warden told Plaintiff that the BP-9 step is skipped when dealing with grievances related to Disciplinary Hearing Officers, and that Plaintiff instead should file his grievance directly to the regional office.

Moreover, the BP-9 form states that it was received on March 17, 2020 (id.), which is after the date Plaintiff filed this action. Thus, it appears that Plaintiff did not even attempt to exhaust his claims based on the disciplinary hearing until after filing this action, and cannot show that the remedies were unavailable when he filed this lawsuit.

As it is clear from the face of Plaintiff's complaint that Plaintiff failed to exhaust his

available administrative remedies prior to filing this action, and as Plaintiff did not make sufficient allegations suggesting that the grievance process was not available to him despite being given an opportunity to do so, the Court will recommend that this action be dismissed, without prejudice.

### III. RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, because it is clear from the face of the complaint that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit;
2. All outstanding motions be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:  **June 2, 2020**                                /s/ Erica P. Grosjean
                                                                          UNITED STATES MAGISTRATE JUDGE